UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:24-cv-02419-SDM-SPF

TRACY GOGLIARDO,

    Plaintiff,

vs.

PARKSIDE SOUTH PROPERTY
OWNERS ASSOCIATION, INC.,
DANIEL PETER, JOHN McNEIL,
and JOHN PEAVY,

    Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, by and through the undersigned counsel, hereby file this Answer and Affirmative Defenses to Plaintiff's Complaint, Request for Injunctive Relief and Demand for Jury Trial, and state as follows:

1. Defendants admit that jurisdiction is proper in this Court.

2. Defendants admit that venue is proper in this Court.

3. Upon information and belief, Defendants admit the allegations contained therein.

4. Defendants are without knowledge as to Plaintiff's definition and use of the terms "governed and operated" but admit that Defendant is the homeowner's association ("HOA") for Parkside South community.

5. Defendant Parkside admits it is a Florida Not for Profit Corporation and

an HOA and that its principal place of business is in Polk County at 4974 Tradition Drive, Lakeland, Florida 33812.

6. Defendants are without knowledge as to Plaintiff's definition and use of the terms "governing and administering" but admit that Defendant Parkside is the HOA for Parkside South community.

7. Defendants admit that Defendant Parkside is operated by a Board of Directors, including Daniel Peter, located at 4938 Tradition Drive, Lakeland, Florida 33812.

8. Defendants admit that Defendant Parkside is operated by a Board of Directors, including John McNeil, located at 4935 Tradition Drive, Lakeland, Florida 33812.

9. Defendants admit that Defendant Parkside is operated by a Board of Directors, including John Peavy, located at 4974 Tradition Drive, Lakeland, Florida 33812.

10. Defendants admit the allegations contained therein.

11. Defendants are without sufficient knowledge of the allegations contained therein and therefore deny the allegations and demand strict proof thereof.

12. Defendants are without sufficient knowledge of the allegations contained therein and therefore deny the allegations and demand strict proof thereof.

13. Defendants are without sufficient knowledge of the allegations contained therein concerning Plaintiff's physician and therefore deny the allegations and demand strict proof thereof. The remaining allegations are denied.

14. Defendants are without knowledge of what "requests for reasonable accommodations" Plaintiff is referencing and therefore denies the allegation and demands strict proof thereof. Defendant did make efforts to accommodate Plaintiff.

15. Defendants state that Exhibit A speaks for itself. Defendants deny the accuracy of one or more of the statements contained in Exhibit A.

16. Defendants deny Plaintiff's claim to have made personal requests for accommodation. Defendants state that Exhibits B and C speak for themselves. Defendants deny the accuracy of one or more of the statements contained in Exhibits B and C.

17. Defendants deny the allegations contained therein. Reasonable accommodations were provided. Parkside has held no subsequent annual meetings.

18. Defendants deny the allegations contained therein. Reasonable accommodations were provided. Parkside has held no subsequent annual meetings.

19. Defendants deny the allegations contained therein. Reasonable accommodations were provided.

20. Defendants deny the allegations contained therein. Reasonable accommodations were provided.

21. Defendants deny the allegations contained therein.

22. Defendants deny the allegations contained therein.

23. Defendants deny the allegations contained therein.

24. Defendants deny the allegations contained therein. Defendants admit that Plaintiff was issued a violation notice for her vehicle.

25. Defendants admit that Plaintiff was issued a violation notice for her vehicle. The violation notice speaks for itself.

26. Defendants deny the allegations contained therein. Accommodations were discussed with Plaintiff and reasonable accommodations were provided.

27. Defendants deny the allegations contained therein.

28. Defendants are without knowledge of the allegations contained therein and therefore deny same and demand strict proof thereof.

## COUNT I
## FAILURE TO REASONABLY ACCOMMODATE AT MEETINGS

29. Defendants re-allege and incorporate the allegations set forth in paragraphs 1 through 28 as if fully set forth herein.

30. Defendants submit that the allegations are legal arguments and conclusions of law concerning Florida law on homeowner's associations for the Court to decide, if necessary, to which no response is required. To the extent a response is required, Defendant denies any violation of the cited law.

31. Defendants submit that the allegations are legal arguments and conclusions of law concerning Florida law on homeowner's associations for the Court to decide, if necessary, to which no response is required. To the extent a response is required, Defendant denies any violation of the cited law.

32. Defendants submit that the allegations are legal arguments and conclusions of law concerning Florida law on homeowner's associations for the Court

to decide, if necessary, to which no response is required. To the extent a response is required, Defendant denies any violation of the cited law.

33. Defendants deny the allegations contained therein.

34. Defendants submit that the allegations are legal arguments and conclusions of law concerning Florida law on homeowner's associations for the Court to decide, if necessary, to which no response is required. To the extent a response is required, Defendant denies any violation of the cited laws.

35. Defendants deny the allegations contained therein and characterization of alleged prior requests that she allegedly "renewed."

36. Defendants deny the allegations contained therein and characterization of alleged prior requests. The meeting was held outdoors.

37. Defendants deny the allegations contained therein.

38. Defendants deny the allegations contained therein.

39. Defendants deny the allegations contained. The meeting was held outdoors, and an ADA accessible port-o-potty was provided.

40. Defendants deny the allegations contained therein.

41. Defendants deny the allegations contained therein. Defendants did not publish on social media.

42. Defendants deny the allegations contained therein. Reasonable accommodations were provided. Parkside has held no subsequent annual meetings.

43. Defendants deny the allegations contained therein.

44. Defendants deny the allegations contained therein.

45. Defendants deny the allegations contained therein.

46. Defendants deny the allegations contained therein.

47. Defendants deny the allegations contained therein.

48. Defendants state that the letter speaks for itself. Defendants deny the accuracy of one or more of the statements contained in the letter. Parkside has held no subsequent annual meetings.

49. Defendants deny the allegations contained therein.

50. Defendants deny the allegations contained therein.

As to the WHEREFORE clause following paragraph 50 of the Complaint, Defendants deny that Plaintiff is entitled to the requested relief.

## COUNT II
## FAILURE TO REASONABLY ACCOMMODATE FOR PARKING OF VAN

51. Defendants re-allege and incorporate the allegations set forth in paragraphs 1 through 28 as if fully set forth herein.

52. Defendants deny the allegations contained therein.

53. Defendants deny the allegations contained therein.

54. Defendants deny the allegations contained therein.

55. Defendants deny the allegations contained therein.

56. Defendants deny the allegations contained therein.

57. Defendants deny the allegations contained therein.

58. Defendants deny the allegations contained therein.

59. Defendants deny the allegations contained therein.

60. Defendants deny the allegations contained therein.

61. Defendants deny the allegations contained therein.

62. Defendants deny the allegations contained therein.

63. Defendants deny the allegations contained therein.

As to the WHEREFORE clause following paragraph 63 of the Complaint, Defendants deny that Plaintiff is entitled to the requested relief.

## COUNT III
## INTERFERENCE AND INTIMIDATION

64. Defendants re-allege and incorporate the allegations set forth in paragraphs 1 through 28 as if fully set forth herein.

65. Defendants deny the allegations contained therein.

66. Defendants deny the allegations contained therein.

67. Defendants deny the allegations contained therein.

68. Defendants deny the allegations contained therein.

69. Defendants deny the allegations contained therein.

70. Defendants admit the allegations contained therein.

71. Defendants deny the allegations contained therein to the extent they attempt to implicate Defendants who did not post on social media.

72. Defendants deny the allegations contained therein.

73. Defendants deny the allegations contained therein.

74. Defendants deny the allegations contained therein.

75. Defendants deny the allegations contained therein.

76. Defendants deny the allegations contained therein.

77. Defendants deny the allegations contained therein. Parkside did send a notice of violation to Plaintiff concerning Plaintiff's vehicle.

78. Defendants admit the allegations contained therein.

79. Defendants deny the allegations contained therein.

80. Defendants deny the allegations contained therein.

81. Defendants deny a violation of the cited law under the facts of this case.

82. Defendants deny the allegations contained therein.

83. Defendants deny the allegations contained therein.

As to the WHEREFORE clause following paragraph 83 of the Complaint, Defendants deny that Plaintiff is entitled to the requested relief.

Defendants deny all allegations not specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's claims fail because Plaintiff is not an individual with a disability or handicap within the meaning of the FHA. Defendants state that Plaintiff's claims under the FHA are barred to the extent Plaintiff fails to establish that she suffers from a disability under the FHA. 42 U.S.C. § 3602(h). Defendants assert that Plaintiff is not disabled/handicapped within the meaning of the FHA and does not need the accommodations requested, if any. Plaintiff failed to establish how her alleged disability substantially limits her major life activities, including in relation to the alleged requested accommodations.

2. Defendants assert that they did not and have not violated the FHA

8

because Plaintiff failed to provide reliable documentation necessary to conduct a meaningful review of her request for an accommodation.

3. Plaintiff's claims fail because she has failed to request a reasonable accommodation. Plaintiff cannot establish that she requested a reasonable accommodation at a reasonable time in advance of necessary accommodations being provided. As such, Plaintiff cannot establish a *prima facie* case under the FHA, as she cannot establish that Defendants refused to grant any accommodation request by Plaintiff. *Hawn v. Shoreline Towers Phase 1 Condo. Ass'n, Inc.*, 347 Fed. Appx. 464, 467 (11th Cir. 2009) (citing *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1218–19 (11th Cir.2008).

4. At all times material hereto, the Defendants provided reasonable accommodations for homeowners, including Plaintiff, who required, needed or requested same.

5. Plaintiff's claims fail because any accommodations she may have requested were not reasonable.

6. Plaintiff fails to state a claim upon which relief may be granted under the FHA, including to the extent that Plaintiff's Complaint seeks accommodations exceeding the requirements set forth in FHA regulations.

7. Plaintiff's claims fail because she failed and/or refused to engage in the interactive process designed to explore Plaintiff's requests for accommodations. At all times material hereto, Defendants engaged in a good-faith dialogue with Plaintiff in an effort to ensure that Plaintiff's needs were met while still respecting the needs and

rights of other unit owners.

8. Plaintiff's claims are barred because Parkside made and/or was willing to make reasonable modifications to its policies, practices, and/or procedures to accommodate Plaintiff's alleged disabilities, but which Plaintiff refused to accept or acknowledge.

9. Plaintiff's claim is barred because the proposed modification would constitute an undue burden on Defendants. Defendants state that Plaintiff's purported requested accommodations are unreasonable to the extent they impose an undue financial and administrative burden on Defendants and/or fundamentally alters the nature of Defendants' operations. *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1220 (11th Cir.2008) (finding that an accommodation is unreasonable if "(1) it would impose an undue financial and administrative burden on the housing provider or (2) it would fundamentally alter the nature of the provider's operations.").

10. Any allegedly wrongful acts or omissions performed by Parkside or its agents, if there were any, do not subject Defendants to liability because Parkside accommodated or was ready and willing to accommodate Plaintiff's alleged disabilities by providing access via "alternative methods."

11. Any allegedly wrongful acts or omissions performed by Parkside or its agents, if there were any, does not subject Defendants to liability because Parkside provided equivalent facilitation to Plaintiff.

12. Plaintiff's Complaint should be barred in whole or in part by the applicable statute of limitations. Many of the allegations in the Complaint pre-date the

statute of limitations. *Wood v. Briarwinds Condominium Ass'n Bd. of Directors*, 369 Fed.Appx. 1, 4 (11th Cir. 2010) (finding that under the FHA, an individual may sue "not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice."). Accordingly, any occurrences that occurred prior to on or around two (2) years prior to this action, and are relied on by Plaintiff in support of her claims are barred by the statute of limitations.

13. Plaintiff failed to properly mitigate her alleged damages and therefore is precluded from recovering those alleged damages. Defendants state that Plaintiff's recovery of damages is barred to the extent she has failed to mitigate her damages. *Alma-Mater Collections, Inc. v. Crossroads Financial, LLC*, 2023 WL 10672900, *2 (S.D. Fla. 2023) (finding that an affirmative defense of failure to mitigate damages is waived if not pled); *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1287 (11th Cir. 2000) (failure to mitigate damages is an affirmative defense that must be pled in order not to waive the defense).

14. Plaintiff's Complaint should be barred in whole or in part to the extent that Plaintiff failed to exhaust her administrative remedies. Plaintiff has failed to exhaust all administrative remedies prior to filing the Fair Housing Complaint in Federal Court. Therefore, Plaintiff is not entitled to any relief on the Fair Housing claim.

15. Plaintiff has not incurred any actual damages or injury as a result of any actions or inactions of Defendant(s) in violation of the FHA and any claim for injunctive and other equitable relief are barred because Plaintiff will not suffer any

11

irreparable injury if injunctive or other equitable relief is denied and/or because they have an adequate and complete remedy at law.

16. Defendants state that any alleged injuries or damages sustained by Plaintiff were created, in whole or in part, by Plaintiff's own conduct and/or actions of others (including but not limited to the third parties identified in Plaintiff's Complaint), and thus, Defendant did not proximately cause Plaintiff's complained-of damages. *Holmes v. Securities Investor Protection Corporation,* 503 U.S. 258, 268, 112 S.Ct. 1311, 117 L.Ed.2d 532 ("proximate cause under the FHA requires 'some direct relation between the injury asserted and the injurious conduct alleged.'").

17. Parkside and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts, law, and circumstances known by them at the time that they acted. Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

18. Defendants state Plaintiff's claims are barred, in whole or in part, because Defendants have substantially complied with any and all applicable statutes, regulations, constitutional provisions and/or laws.

19. The Defendants contend that their actions, if any, were not motivated by evil motives or intent and such actions, if any, did not involve reckless or callous indifference to the allegedly federally or statutorily protected rights of Plaintiff.

20. Defendant state that Plaintiff's claims for punitive damages are barred because Defendants acted in good faith and did not take any actions that were intentional, willful, or in disregard of Plaintiff's rights. *See Davis v. Lane Management,*

*LLC*, 524 F.Supp.2d 1375, 1377 (S.D. Fla. 2007) ("Punitive damages may be granted here if the defendant exhibited a callous indifference to the federally protected rights of the plaintiff."); *Bone v. Village Club, Inc.*, 223 F.Supp.3d 1203, 1220-21 (M.D. Fla. 2016) ("Punitive damages are available under the FHA when a defendant's conduct is 'motivated by evil motive or intent' or shows a 'reckless or callous disregard of, or indifference to a plaintiff's rights.'").

21. Any imposition of a civil penalty against Defendants would be unwarranted under all relevant circumstances and is specifically barred by 42 U.S.C.A. § 3604(f)(3)(A).

22. Parkside states that its duties and obligations are strictly limited to those specifically set forth in F.S. §720, the Association's Declaration of Covenants, Restrictions, Limitations and Restrictions and Articles of Incorporation and that at all times material to Plaintiff's Complaint, Parkside complied with all such statutory and contractual obligations.

23. At all times material, Defendants used their best business judgment regarding the issues in the Complaint. Specifically, any and all decisions and/or actions were made in good faith, with the care that an ordinary person would exercise under similar circumstances, and in a manner reasonably believed to be in the best interest of Parkside. Plaintiff is not entitled to any of the relief and/or damages as alleged in the Complaint against Defendants by virtue of the doctrine of the business judgment rule.

24. Plaintiff has not and cannot meet her burden of proof required to prove

intentional discrimination through circumstantial evidence in order to shift the burden of proof to the Defendants to articulate a non-discriminatory reason for the challenged action.

25. Defendants assert that they did not and have not violated the FHA by discriminating against a person with a disability in the terms, conditions, or privilege of sale or rental of a dwelling, or in the provisions of services or facilities in connection with such dwelling.

26. The alleged actions by Defendants were not intentional, willful, taken in disregard of the rights of others, or otherwise based on any discriminatory animus. All actions of Defendants were taken for legitimate, non-discriminatory reasons. Each action taken by Defendants with respect to Plaintiff and Plaintiff's alleged accommodation requests were based upon a legitimate, nondiscriminatory, and nonretaliatory reasons.

27. Plaintiff's alleged disability was not the cause and/or a motivating factor in any decisions made by Defendants, except those decisions aimed at accommodating Plaintiff.

28. Plaintiff cannot establish that Defendants subjected her to any adverse action because of a purported request for a reasonable accommodation. Furthermore, Plaintiff has failed state any request for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (finding that a complaint must state a plausible claim for relief).

29. The Defendants' actions did not result in any adverse action against the Plaintiff.

30. Plaintiff's claims are barred as Defendants did not interfere with any rights of Plaintiff under the FHA. There is no causal connection between the Defendants' actions and the alleged interference with the Plaintiff's fair housing rights.

31. The Plaintiff consented to or waived their rights, negating the claim of interference or coercion.

32. Plaintiff is estopped from asserting the claim due to their own actions or representations that the Defendants reasonably relied upon, including Plaintiff's agreement to and/or ratification of Defendant' actions and accommodations. Defendants state that Plaintiff's claims are barred in whole or in part by the doctrines of estoppel and waiver because Plaintiff was offered a reasonable accommodation, yet Plaintiff refused this accommodation. *See Hous. Opps. Project for Excellence, Inc. v. Key Colony No. 4 Condo. Assoc.*, 510 F. Supp. 2d 1003, 1013 (S.D. Fla. 2007) (acknowledging that a plaintiff can waive a statutory right such as those protected by the FHA and FFHA can be waived).

33. Plaintiff has failed to provide Defendants with notice and/or an opportunity to cure any alleged violations, all such violations being specifically denied, and therefore Plaintiff and her counsel are not entitled to any relief, nor are they entitled to recover attorneys' fees or costs.

34. Defendants state that Plaintiff lacks standing and is not entitled to relief because Defendants' alleged actions did not cause any harm to Plaintiff and Plaintiff has failed to suffer a concrete injury in fact, which is fairly traceable to the alleged illegal actions of Defendants.

35. Defendants state Plaintiff's claims are or may be barred because they are moot. Any alleged FHA violations and/or alleged failure to accommodate was cured.

36. Defendants state that to the extent Plaintiff has brought duplicative claims, she is not entitled to duplicative recovery. *St. Luke's Cataract and Laser Inst., P.A. v. Sanderson*, 573 F.3d 1186, 1203 (11th Cir. 2009) (holding that the Supreme Court has instructed that the courts can and should preclude double recovery by an individual and that "[i]t is clear that no duplicating recovery of damages for the same injury may be had.") (quoting *Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 333 (1980)).

37. The Complaint fails to state a cause of action, as it lumps the Defendants together within the same Counts. A complaint must differentiate among the Defendants' various actions. Making allegations or legal conclusions that refer to Defendants collectively is improper. As currently pleaded, this Complaint can be considered an improper "shotgun" pleading. *See Cesnik v. Edgewood Baptist Church*, 88 F. 3d 902, 905 (11th Cir. 1996).

38. Defendant state that they cannot be vicariously or otherwise liable for the actions of others. Any claims against them must rest on their own conduct and/or actions, not those of others.

Defendants reserve the right to amend their Affirmative Defenses as discovery proceeds.

WHEREFORE, having fully answered the Complaint herein and having raised affirmative defenses thereto, Defendants request that the instant action be dismissed, and that Defendants be awarded costs, expenses and reasonable attorney's fees

incurred in defense hereof pursuant to the FHA, Fed.R.Civ.P. 11, 28 U.S.C. §1927, and the Court's inherent authority.

## JURY DEMAND

Defendants demand a trial by jury on all issues triable.

                                  Respectfully submitted,

                                  TODD W. SHULBY, P.A.
                                  Todd W. Shulby, Esq.
                                  1792 Bell Tower Lane
                                  Weston, Florida 33326
                                  Telephone: (954) 530-2236
                                  Facsimile: (954) 530-6628
                                  E-mail: tshulby@shulbylaw.com
                                  Counsel for Defendants

                                  By:    /s/Todd W. Shulby, Esq.
                                            Florida Bar No.: 068365